ISAIAH AVERY *versus* ALONZO W. STRAW.

An offer to be defaulted is not an admission of a cause of action in the plaintiff. In this respect, the law was the same prior to the act of 1847, chap. 31.

EXCEPTIONS from the District Court, GOODENOW J.

Assumpsit upon a receipt for an article, attached on a writ by the plaintiff, a deputy sheriff.

The defendant offered to be defaulted for $4. The offer was not accepted. There was no proof that any demand of the property had been made upon the defendant.

The Judge instructed the jury that proof of a demand was unnecessary ; that the defendant's offer to be defaulted, though not accepted, dispensed with proof of a demand. The verdict was for the plaintiff, $16,35 damage, and the defendant excepted.

*J. Waterhouse,* for defendant.

*J. & M. L. Appleton,* for plaintiff.

The offer to be defaulted, is to be regarded as a confession or admission of the contract declared on, and leaves nothing but the *quantum meruit* in controversy. *Fogg* v. *Hill,* 21 Maine, 529.

It is to be considered like a tender which admits the contract as alleged ; after which the plaintiff cannot be nonsuited. *Cox* v. *Brown,* 3 Taunt. 95 ; 1 Camp. 327.

It is an admission of the cause of action. *Bullen* v. *Homans,* Nev. & Man. 119.

SHEPLEY, C. J. orally. — There was error in the instruction given to the jury. An offer to be defaulted admits nothing except that the defendant is willing to pay the sum offered, and no more.                     *Exceptions sustained.*