A. J. HAGGLAND ET AL. V. JAMES STUART.

[FILED MARCH 11, 1890.]

1. **Negotiable Instruments**: FRAUD: TRANSFER: PRESUMP-
TION.  In an action brought on a promissory note by an in-
dorsee against the makers where facts were alleged in the
answer showing fraud on the part of the payee in the inception
of the note, and the plaintiff replied denying such allegation,
the trial court held the burden of proof to be upon the defend-
ants, and upon the offer of proof by the defendants the plaintiff
objected to any testimony on the part of the defendants because
the answer admits the execution and purchase of the note, and
because the facts pleaded do not constitute a defense nor show
that plaintiff acted in bad faith in its purchase, which objec-
tion was sustained, *held,* error.

2. ———: ———: ———: ———.  Where a note is shown to have
originated in fraud, a presumption arises that a subsequent
holder gave no value for it; and such presumption will prevail
in an action by such holder against the maker unless rebutted
by evidence of value and good faith in the transfer.

ERROR to the district court for Madison county.  Tried below before POWERS, J.

*W. M. Robertson,* for plaintiffs in error :

The facts seem to warrant the conclusion that the plaintiff took the paper under circumstances showing bad faith on his part, and he cannot recover. (*Johnson v. Way,* 27 Ohio St., 374 ; *Dobbins v. Oberman,* 17 Neb., 163 ; *Citizens Bank v. Ryman,* 12 Id., 542.)

*Allen, Robinson & Reed,. contra :*

In order to impeach the *bona fides* of defendant in error's holding, it must be shown that he purchased the note with notice of its infirmities, which is not done here. (*Stein v. Keeler,* 4 G. Greene [Ia.], 86 ; *Clapp v. Cedar Co.,* 5 Id., 59 ; *Lane v. Krekle,* 22 Id., 407 ; *Uther v. Rich,* 10 Ad. & E. [Eng.], 784.)  The fraud or illegality which shifts the burden of proof on the holder must relate to the consideration or the latter must be contrary to law or public policy. (*Pana v. Bowler,* 107 U. S., 529 ; *Smith v. Bank,* 9 Neb., 35.)  The representations which are complained of as constituting fraud consist of an unfulfilled promise, upon which fraud cannot be predicated. (*Perkins v. Lougee,* 6 Neb., 223.)  The alleged fact that the payee of the note failed to furnish a sample burner does not amount to a failure of consideration nor constitute a defense. (*Smith v. Bank,* 9 Neb., 31 ; *Douglas v. Matting,* 29 Ia., 498.)

COBB, CH. J.

The plaintiff in the court below brought suit on the following note :

"$150. ·                    MADISON, NEBR., Nov. 12, 1887.

"On the first day of March, 1888, we promise to pay Thos. E. Hall, or order, one hundred and fifty dollars at

bank of ———, for value received, negotiable and paya-
ble without defalcation or discount, with 8 per cent inter-
est from date; said interest to become as principal and bear
— per cent interest if not paid, and if suit on action is in-
stituted to collect this note, or any part thereof, ———
promise to pay ——— dollars as attorney's fees in said
suit or action.                          A. J. HAGGLAND.
    "Witnessed by—                       J. A. HAGGLAND.
        "T. E. DARLINGTON."

And alleged that on November 20, 1887, Hall sold and
delivered and indorsed the note to plaintiff, and that the
same is due and unpaid.

The defendants answered, admitting the execution and
delivery of the note, and the indorsement and delivery to
the plaintiff, and setting up:

"2d. The sole and only consideration of the note sued
upon was the sale to the defendants of the territory of the
precincts of Union Creek, Battle Creek, and Warnerville,
in Madison county, Nebraska, or the right to sell a hydro-
carbon burner attachment to or for a stove, said by the
payee of the note sued upon to be patented and manufact-
ured by Hall & Co., of Kansas City, Missouri, and the
said note purported to be for royalties, or in part payment
for royalties, upon the burner sold by these defendants;
and the said Thos. E. Hall, the payee of said note, and the
person who took the same from these defendants, and who
represented himself to the defendants to be the agent and
attorney of Hall & Co., agreed that within thirty days
from the time of the execution and delivery of said note
that Hall & Co. would ship to the address of the defend-
ants, at Madison, Nebraska, a sample burner, with which
they could canvass, and from which these defendants might
be able to manufacture said burners; and with said ex-
press agreement and understanding by these defendants
with said Thomas E. Hall, they signed and delivered the
note sued upon, and would not have so signed and deliv-

ered it had they not been induced to do so through and by the representation aforesaid. That all the representations made as aforesaid by the said Thos. E. Hall, the payee of said note, were false and untrue in every particular; nor have the said Hall & Co., or Thos. E. Hall, or any of the persons for them, ever sent to these defendants the sample burner that was agreed to have been sent, and these defendants could neither sell nor manufacture the said burner without the sample; and the sale of the territory aforesaid was a fraud and myth, as was the agreement to send the sample burner, as there is no such territory in Madison county, Nebraska, as that mentioned in the written contract or agreement made by Thos. E. Hall with these defendants, purporting to give them the right to sell or manufacture the burner aforesaid, in the territory aforesaid, and these defendants did not know but what the said contract, or agreement, was good at the time it was made. These defendants do not know whether the person who took the note was Thos. E. Hall, or who he was, or whether there is such a person living, or such a firm in existence as Hall & Co., but whoever the person was, he represented himself to be Thos. E. Hall, and by his false and fraudulent rep-resentation aforesaid induced these defendants to give the note aforesaid, the said payee in said note not giving them, nor has any person ever given them, a deed for any territory, or the right and power, or authority to manufacture and sell said burner in any territory; when in fact and in truth the defendants supposed, and were led to believe by the representations of the said Thos. E. Hall at the time of the giving of the note sued upon, that they were getting a deed, or the right and authority to sell or manufacture the said hydro-carbon burner in the precincts of Union Creek, Warnerville, and Battle Creek, in said county. And the consideration for said note has entirely failed, or the said Thos. E. Hall gave these defendants a paper purporting to be a deed or contract, or authority to sell or

manufacture said hydro-carbon burner attachment in the townships of Warnerville, Madison, and Battle Creek, in Madison county, Nebraska, that not being the territory they purchased, or supposed they purchased.

"3d. At the time the plaintiff purchased the note in suit, these defendants were reputed to be, and were and now are, solvent and able to pay the said note, and the same could be collected from them by law, and it was worth in the market more than $140.

"4th. The plaintiff did not purchase said note in the usual course of his trade as business as a banker, or as an investment, but purchased it at a greatly reduced price, at a large discount, for the purpose of speculation, and without having the same transferred and indorsed directly to him, or the payment thereof guaranteed.

"5th. The plaintiff is a banker at Madison, Madison county, Nebraska, and it is his custom, and the custom of all the banks in said town of Madison, to buy notes at a discount, and it is the usual custom of said banker, and was so at the time of the purchase of the note sued upon by the plaintiff, to require the payee or person from whom they purchased notes to transfer the same to them direct and indorse and guarantee the payment thereof; that the usual discount of notes in and at the banks in Madison, in November, 1887, was not to exceed twenty to thirty per cent, by the year, of notes purchased in the usual course of trade; that plaintiff purchased the note in suit of the person with whom the defendants dealt, and to whom they gave it, about the same day it was given, and the payee indorsed it in blank; that plaintiff purchased it for a much, less sum than $140, and for about the sum of $100, well knowing at the time he purchased it that these defendants were solvent and able to pay the same.

"6th. That the note sued upon, together with other notes to the same payee, were offered for sale at a large discount at the different banks in Madison on or about the

day plaintiff purchased the note in suit, and were refused by some of the bankers, and at or about the time plaintiff purchased the note sued upon the same payee offered to sell to plaintiff another note of these defendants of the same date for the same amount and rate of interest, due June 1, 1888, but said plaintiff refused to purchase it at any price, assigning as his reason for such a refusal that he wished to wait and see if the note sued upon was all right, the consideration for both the note sued upon and the note offered plaintiff, and which he refused to buy, being the same."

The plaintiff's reply denied each and every affirmative allegation in the defendants' answer contained, except those of the third paragraph, which are admitted.

A jury having been impaneled for the trial of the cause, and the court having held that the burden of proof was upon the defendants, the defendants offered a witness, whereupon the plaintiff objected to the introduction of any testimony on the part of the defendants, alleging as the grounds of such objection that the answer admits the execution and purchase of the note and its genuineness, and that the facts pleaded in the answer do not constitute any defense to the action; that it is not alleged in the answer that the plaintiff took the note in suit with any knowledge or notice of the alleged fraud between the antecedent parties, nor that he acted under such circumstances as show bad faith or lack of honesty on his part, which objection was sustained. Whereupon, on motion of the plaintiff, the court, over the objection of the defendants, charged and directed the jury to bring in a verdict for the plaintiff, for the amount of the note sued on; whereupon the jury returned their verdict for the plaintiff in the sum of $167.65.

Defendants' motion for a new trial having been overruled, a judgment was rendered for the plaintiff. The cause is brought to this court on error.

I have searched the Code, as well as the reports, in vain for authority to justify the trial court in the practice pur-

sued in this case. The answer of the defendants was prob-
ably open to demurrer and possibly to a motion to make it
more definite and certain; but the plaintiff replied to it
and went to trial. In such case there was no proper case
presented to the court for its decision that the facts stated
in the answer constituted no defense to the action. But
had the point been raised by demurrer to the answer,
would the court be justified in holding, as a question of law,
that the note did not originate in illegality or fraud, and
thus relieve the plaintiff of the burden of proving the good
faith of its purchase by him?

It is alleged in the answer that the sole and only con-
sideration for the note sued on was the sale to the defend-
ants of the territory of the precincts of Union Creek,
Battle Creek, and Warnerville, in Madison county, Ne-
braska, or the right to sell a hydro-carbon burner attach-
ment to or for a stove, said by the payee of the note sued on
to be patented and manufactured by Hall & Co., of Kan-
sas City, Mo.; and the said note purported to be for
royalties, or in payment for royalties, upon the burners
sold by these defendants; and the said Thomas E. Hall,
the payee of said note and the person who took the same
from the defendants, and who represented himself to the de-
fendants to be the agent and attorney of Hall & Co., agreed
that within thirty days from the time of the execution
and delivery of said note that Hall & Co. would ship to
the address of these defendants, at Madison, Nebraska,
a sample burner with which they could canvass, and from
which defendants might be able to manufacture said burn-
ers, and, with said express agreement and undertaking by
the defendants with said Thomas E. Hall, they signed and
delivered the note sued on, and would not have so signed
and delivered it had they not been induced to do so through
and by the representations aforesaid, and that all of the
representations made as aforesaid by the said Thomas E.
Hall, the payee of said note, were false and untrue in every
particular, etc.

These facts, although obviously difficult to prove, are, if true, susceptible of proof, and if proved would establish fraud on the part of the payee in obtaining the execution and delivery of the note. While it must be admitted that the failure of Hall & Co. to ship the sample burner was but a breach of contract, it is equally true that the representation that said invention had been patented by Hall & Co., made for the purpose and under the circumstances alleged, was, if untrue, a fraud which would vitiate the note in the hands of the payee. The same may be said of the representation that said Thomas E. Hall was the agent or attorney of said patentees, and authorized to sell, in their name, rights to manufacture, use, and sell such machines, and, upon proof that either or both of these representations were made as alleged, and were false, the burden would be cast upon the plaintiff to prove that he gave value for the note before maturity, without notice, etc. (See *Conley v. Winsor*, 41 Mich., 253, and *Fitch v. Jones*, 32 E. L. & E., 134.)

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.