NATIONAL BANK OF BATTLE CREEK, MICHIGAN, V. J. L. MILLER ET AL.

· FILED APRIL 21, 1897.    No. 7207.

1. **Res Judicata:** NOTE: CONSIDERATION. Defendants *held* not estopped by a former judgment pleaded to allege the failure of consideration for the notes sued on.

2. **Negotiable Instruments:** FRAUD: ACTION BY INDORSEE: BURDEN OF PROOF. Where, to an action upon a promissory note by an indorsee thereof, the defense interposed is fraud or illegality in the inception of the contract, the burden is upon the plaintiff to prove that he is a *bona fide* holder for value, but where the only defense is the failure of consideration, or the like, the burden is upon the defendant to overcome the presumption that the note was transferred before due for value in the usual course of business. (*Violet v. Rose*, 39 Neb., 660; *Kelman v. Calhoun*, 43 Neb., 157.)

· ERROR from the district court of York county.    Tried below before BATES, J.    *Reversed.*

*George B. France,* for plaintiff in error.

*F. C. Power, contra.*

Post, C. J.

This was an action by the plaintiff in error, the National Bank of Battle Creek, Michigan, in the district court for York county upon two promissory notes executed by the defendants therein, J. L. Miller and M. G. Koons, for $175 each, under date of July 29, 1885, and payable to the order of Nichols, Shepard & Co. The defendants answered alleging failure of consideration and breach of the warranty of a certain separator and steam power for which the notes in suit, with four others of like amounts, were given. The plaintiff replied alleging (1) the purchase of the notes described in good faith before the maturity, for value, in the usual course of business; (2) that the defendants, on the 10th day of April, 1889, in an action then pending in said district court, wherein the said Nichols, Shepard & Co. were plaintiffs, recovered judgment for the identical breach of warranty herein alleged as a defense. A trial of the issues thus joined resulted in a verdict and judgment for the defendants, from which the plaintiff prosecutes error.

In the printed briefs submitted by counsel is found an exhaustive discussion of the doctrine of *res judicata* as applied to the facts of this case, each party relying upon the judgment rendered in the former suit as an estoppel. It is, however, in the view we take of the record, unnecessary to examine that question at length in this connection, since whatever may be the effect of that adjudication upon the right of the plaintiff to maintain this action, it is certainly not available as an estoppel against the defendants. It is sufficient, without setting out the pleadings introduced in evidence, that the ground upon which defendants successfully resisted the former action was that the machine above described was entirely worth-

less, and that the consideration for said notes had in consequence thereof wholly failed. True, there was in that case a counter-claim for freight paid and for time and money expended in attempting to operate the machine in question, upon which there was a verdict and judgment for the defendants therein in the sum of $200. There was no claim on account of the notes here involved, which were, by the charge of the court, also in evidence, expressly excluded from the consideration of the jury. Had defendants in that action sought by means of their counter-claim to recover the amount of these notes on the ground that they had been negotiated or otherwise converted by Nichols, Shepard & Co., there would have existed a more substantial foundation upon which to rest the claim of estoppel as against them. But it cannot, upon the record as made, be seriously contended that the former judgment is conclusive of the question of the consideration for the notes which are the subject of this action.

Among the instructions given by the court on its own motion, and to which exception was taken by the plaintiff, is the following: "Under the issues as joined by the pleadings the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that before the said notes became due and payable, and for a valuable consideration, the said Nichols, Shepard & Co. sold, indorsed, assigned, and transferred said notes to the plaintiff; that said notes have not been paid, and that the plaintiff is an innocent holder thereof." The foregoing instruction is in direct conflict with the rule asserted in *Violet v. Rose*, 39 Neb., 660, and *Kelman v. Calhoun*, 43 Neb., 157, viz., where to an action on a promissory note by an indorsee thereof the defense interposed is fraud or illegality in the inception of the instrument, the burden is upon the plaintiff to prove that he is a *bona fide* holder for value, but where the defense is the failure of consideration, or the like, the burden is upon the defendant to overcome by proof the presumption that the note was trans-

ferred before due for value in the usual course of business. The rule thus stated was announced after a careful review of the decisions of this court, and is without doubt the essence of previous utterances on the subject. It follows that in giving the instruction quoted the district court erred, for which the judgment must be reversed and the cause remanded.

REVERSED.

NORVAL, J., not sitting.