[L. A. No. 1366.    Department One.—October 9, 1903.]

L. E. LEEMAN, Appellant, *v.* PERRIS IRRIGATION DISTRICT, Respondent.

IRRIGATION DISTRICT—ILLEGAL EXCHANGE OF BONDS—KNOWLEDGE OF ILLEGALITY.—An action cannot be maintained upon bonds of an irrigation district illegally issued in exchange for water-right certificates, or for warrants given in payment of claims for labor and salaries, by a plaintiff who knew when he took the bonds that they were issued in violation of the statute.

ID.—RECITAL IN BONDS—PROTECTION OF BONA FIDE PURCHASER—KNOWL-
EDGE OF FACT SHOWING ILLEGALITY.—The principle that the recital
in the bonds of compliance with the statute is sufficient to protect
a purchaser, as *bona fide,* without further inquiry, has no applica-
tion where the purchaser has actual knowledge of a fact, which,
in connection with the statute, which he is presumed to know,
establishes the illegality of the issue.

APPEAL from a judgment of the Superior Court of River-
side County and from an order denying a new trial.   J. S
Noyes, Judge.

The facts are stated in the opinion.

Wilfred M. Peck, for Appellant.

Lafayette Gill, for Respondent.

CHIPMAN, C.—This is an action to recover the amount
of certain so-called "installment coupons," attached to cer-
tain bonds of defendant, a corporation organized under the
commonly called Wright Act (Stats. 1887, p. 29).   The trial
court gave judgment for defendant upon the ground that
the bonds to which these coupons were attached were dis-
posed of "in a manner and for a purpose unauthorized by
law, and that said bonds are, and each of them is, absolutely
void."   Plaintiff appeals from the judgment and from the
order denying his motion for a new trial.   The bonds in
question are numbered 192, 623, and 656, and are part of a
series aggregating $442,000, signed and ready for issue Jan-
uary 1, 1891.

Bond No. 192 was one of a large number delivered to the
Bear Valley Irrigation District under a certain contract in
exchange for certain so-called class B acre water-right certi-
ficates, under circumstances similar to a like exchange in the
case of *Stimson* v. *Alessandro Irrigation Dist.,* 135 Cal. 389.
Plaintiff had notice of all the facts relating to the exchange
of this bond.   On the authority of the case just cited, this
bond was void in plaintiff's hands.   Bonds Nos. 623 and 656
were, among many others, part of the original issue of Janu-
ary, 1891, and were parted with in exchange for outstanding
warrants of defendant on May 1, 1894, which latter had been

previously delivered because there was no money in the treasury of defendant to pay current liabilities, and the court found that "said warrants in all instances were issued for salaries of officers of the district, and for defraying the expenses incurred in the care and operation of the district." The following is the form of these warrants: "To the treasurer of the Perris Irrigation District: Pay to the order of . . . the sum of . . . dollars, payment in full of claim . . . and charge the same to general fund." Appellant does not challenge the finding that he had notice when the bonds were transferred to him that they were issued in payment of outstanding warrants of the district. But this is not a finding that plaintiff had actual knowledge that these two bonds were issued for warrants that were given in payment of claims for labor and salaries. It is hence claimed that the findings do not support the decision. It was held in *Hughson* v. *Crane,* 115 Cal. 404, that the only mode in which the board of directors of an irrigation district can dispose of bonds so as to make them binding obligations on the district is by exchange for property purchased for construction purposes at their par value, under section 12 of the act, or to sell them for money in the open market, under the provisions of section 16 of the act, at not less than ninety per cent of their face value. It was further decided that the board has no power or right to exchange the bonds for any other purpose or to make payment with them at ninety per cent of their face value, in discharge of any obligation of the district, or to dispose of the bonds or of the moneys received from the sale of the bonds for any other object than to provide for the construction fund contemplated by the act. It was also held that the directors have no authority to appropriate the bonds which electors have voted to issue for the construction of irrigation works to the payment of salaries, or expenditures incurred in the management of the property. This case, however, did not involve the question of the right of a *bona fide* holder of bonds thus illegally disposed of to enforce them.

Section 36 of the act provides that "No claim shall be paid by the treasurer until allowed by the board, and only upon a warrant signed by the president and countersigned by the secretary." These claims may be for salaries and other ex-

penses mentioned in section 37, which are to be paid only by
tolls and charges or by levies of assessments, or they may
be for "the cost and expense of purchasing and acquiring
property and constructing the works and improvements herein
provided for," which "shall be wholly paid out of the con-
struction fund." (Sec. 37.) The only express authority
given to use bonds in payment for any purpose is in the case
of the purchase of property necessary for the works. (Sec.
12.) The construction fund consists of the proceeds of bonds
sold under the provisions of the act, and no warrant can be
legally drawn upon this fund except for the purposes enu-
merated in the act. There is no express authority anywhere
in the act for exchanging bonds for construction work, or for
exchanging bonds for warrants issued for construction work,
drawn upon the construction fund, or for delivering bonds
in payment of salaries and other expenses mentioned in that
connection in section 37, or for warrants issued therefor.
The board of directors has only such powers as are expressly
given or implied as necessary to carry out the main purpose
of the act. (*Stimson* v. *Alessandro Irrigation Dist.*, 135 Cal.
389.) The authority to dispose of bonds, being by express
terms limited to two modes, excludes all others by plain impli-
cation. It cannot be reasonably said that the power to ex-
change bonds for warrants issued for construction work is
necessarily implied from the express power to exchange bonds
in payment for property. And while it is true that the
proceeds of bonds sold constitute the construction fund on
which warrants for construction work may be drawn, still
there is no authority for exchanging bonds for construction
work, and there can be no implied authority to exchange
bonds for warrants issued for such work. The act directs
that in exchanging bonds for property they must bring par,
while in selling them in open market, the only remaining mode
expressly given, they may be sold for ninety per cent of their
face value, and they might under favorable circumstances
bring par, or even a premium. But the act makes no provision
limiting the value at which the bonds may be exchanged for
warrants in any case, and if such power should be held to
exist by implication the board would be unrestricted as to
the value at which it might make the exchange. The purpose

of the statute is to put the business of the corporation on a money basis. (*Hughson* v. *Crane*, 115 Cal. 404.) To depart from the express provision of the act might lead to mischievous consequences. One bidder might be willing to do certain construction work at a certain price for cash, but would be unwilling to take bonds at any value, while another competing bidder would get the same work at a greater price because he was willing to take the bonds in payment at an agreed value. There could be no fair competition under such circumstances. The evident intention of the act is, that bonds must be sold (except in the single instance of exchange for property) to the highest bidder in open market for cash, and that construction work must be done on the best terms for cash. One who purchases bonds knowing that they were negotiated in a manner not authorized by law is not a *bona fide* holder, but takes them subject to any defense existing against them. (2 Daniel on Negotiable Instruments, secs. 1533 et seq., and cases cited.) It has been held by the supreme court of the United States that where bonds on their face import by recital a compliance with the law under which they were issued, as the bonds here did, the purchaser is not bound to look further for evidence of compliance with the conditions annexed to the grant of power to issue them. (See cases cited under 2 Daniel on Negotiable Instruments, sec. 1537, par. 3. See, also, *Baxter* v. *Vineland Irrigation Dist.*, 136 Cal. 185.) This principle, however, has no application where the purchaser has actual knowledge of a fact which, taken in connection with the provisions of the statute, which he is presumed to know, established the proposition that the statute has been violated. In that case he would be in no better position than an officer of the corporation who received a bond in payment of his salary. In the present case plaintiff was a director of the corporation for eighteen months from October, 1891. The entire issue of $442,000 was authorized by vote of the electors given in November, 1890, and the bonds appear to have been issued—i. e. signed and in form for delivery— January 1, 1891. The bonds were all similar in form, and were all authorized at the same time and prior to plaintiff's becoming a director. The bond No. 192 was one of a number disposed of to the Bear Valley Irrigation District under a

contract originally made between the two corporations in January, 1891, but modified in November, 1892, while plaintiff was a director. The bonds Nos. 623 and 656 were not disposed of until after plaintiff had ceased to be a director, at which time there were a large number of outstanding warrants of the district, which, as the court found, "in all instances were issued for salaries of officers of the district and for defraying the expenses incurred in the operation of the district." Plaintiff knew that the bonds he was buying had been exchanged for warrants. The fact that he did not know for what purpose the warrants were issued cannot shield him, for he is charged with actual knowledge of the provision of the law, and therefore with knowledge that the law did not authorize the directors to exchange bonds for warrants of any kind. When he knew that he was buying a bond that had been issued by the directors in payment of a warrant he knew it was an illegal transaction, in violation of the statute, and he is therefore not a *bona fide* holder.

Upon the authority of *Hughson* v. *Crane*, 115 Cal. 404, and *Stimson* v. *Alessandro Irrigation Dist.*, 135 Cal. 389, and in view of the provisions of the statute, we advise that the judgment and order be affirmed.

Smith, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.