Lahrman v. Bauman.

REVERSED.

---

EDWIN H. LAHRMAN, APPELLANT, V. ELLA BAUMAN ET AL., APPELLEES.

FILED JUNE 8, 1906. No. 14,357.

Notes: DEFENSE OF FRAUD: BURDEN OF PROOF. In an action by the indorsee against the maker, where fraud in the inception of the note is relied on as a defense and shown by the evidence, the burden is upon the plaintiff to show that h , is a *bona fide* holder.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE.  *Affirmed.*

*Alexander Searl, E. H. Benedict* and *John C. Landis, Jr.,* for appellant.

*M. F. Harrington, contra.*

ALBERT, C.

This is an appeal to reverse a judgment rendered against the plaintiff in an action on a promissory note brought by the indorsee against the makers. The defendants answered, admitting the execution and delivery of the note to plaintiff's indorser, but denying all other allegations of the petition. The answer also sets up two affirmative defenses: Fraud in the inception of the note, and a failure of consideration. The facts relied on as constituting those defenses are thus pleaded in the answer: "The defendants aver that one E. F. Collins came to the home of these defendants about the 15th day of July, 1903, and fraudulently and falsely represented himself to be a practicing physician, and a duly authorized physician and surgeon authorized to practice medicine and surgery in Holt county, Nebraska, and that he was able and capable of curing all diseases to which the human system is heir, and each and every one of said representations were false, and known by said Collins to be false; that said Ella Bauman was then sick, having dizziness in the head and her nervous system affected, and said Collins falsely and fraudulently represented to these defendants that he could cure said disease and would treat her with medicine and cure her, and that each and every one of said representations was false and fraudulent and made with the intent to deceive, and that he further contracted, promised and agreed to cure her of said sickness, and contracted, promised and agreed that unless he did fully cure her of said sickness, the said promissory note should not be paid, and

that the said consideration for said note was the contract, promise and agreement of said Collins to fully cure said Ella Bauman of her said sickness; that the said consideration wholly failed, and said Collins, when he obtained said note, knew and intended that it should fail, and that he has not treated her for said sickness, and has given no consideration whatever for said note." The evidence adduced on behalf of the plaintiff tended to show that the note was indorsed and transferred to him in the usual course of business, before maturity, and for a valuable consideration; that adduced on behalf of the defendants, that the note was given under the circumstances, upon the representations and for the consideration alleged in the answer. The plaintiff failed to reply, but no objection was made upon that ground, and the case was tried as though the allegations of the answer were denied.

In an action by the indorsee against the maker the rule is that, where fraud in the inception of the note is shown, the burden is upon the plaintiff to prove that he took the note without notice of the fraud. Selover, Negotiable Instruments, p. 234; *National Bank v. Miller,* 51 Neb. 156. The plaintiff wholly failed to bring himself within this rule, or to make any showing whatever of his want of notice of the fraud. That being true, a verdict for the defendants is the only one that could have been rendered under the law and the evidence. It responds to the issues, and accords with the instructions of the court. There appears to be no good reason for disturbing it.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.