[Civ. No. 6522. Fourth Dist. June 12, 1961.]

ORAN W. PALMER et al., Appellants, v. WEST KERN COUNTY WATER DISTRICT, Respondent.

42

Gerald K. Davis for Appellants.

J. Richard Thomas for Respondent.

COUGHLIN, J.—The issues on this appeal concern the rights of two attorneys to recover from a county water district for legal services allegedly rendered in connection with the formation of that district.

The first amended complaint herein alleges that the defendant, West Kern County Water District, which is the respondent herein, was formed on May 19, 1959; that prior thereto the plaintiffs Palmer and Vizzard, who are the appellants herein, ''were retained by the organizers and directors of

said District to prepare the necessary papers, resolutions, petitions, notices, and to perform other legal steps required to form and organize said District; that pursuant to such employment, plaintiffs did prepare the necessary papers, resolutions, petitions, notices, and did perform other legal steps required to organize and form said District.'' The first and second causes of action set forth in this amended complaint allege, respectively, (1) that the plaintiff Palmer ''pursuant to such employment . . . rendered services to and disbursed costs for said District; that the reasonable value of said services is $5,425.00''; and the costs disbursed amount to $177.27; and (2) that the plaintiff Vizzard ''rendered services for'' the district; that the reasonable value thereof was $908; and in addition that he advanced costs in the amount of $21.51. Itemized statements of the services and costs aforesaid were attached to the first amended complaint as exhibits.

A general and special demurrer to these two causes of action was sustained without leave to amend, and a judgment of dismissal followed from which the plaintiffs have taken this appeal.

At the outset it should be noted that the parties, in their briefs, refer to a number of facts which are not a part of the record. ■ The sufficiency of the amended complaint before us must be determined from the facts alleged therein (*Weil* v. *Barthel*, 45 Cal.2d 835, 837 [291 P.2d 30]), which must be regarded as true (*Carruth* v. *Fritch*, 36 Cal.2d 426, 429 [224 P.2d 702, 24 A.L.R.2d 1403]; *Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 41 [172 P.2d 867]), together with the facts of which this court may take judicial notice. (*Weil* v. *Barthel, supra*, 45 Cal.2d 835, 837; *Talley* v. *Northern San Diego County Hospital Dist.*, 41 Cal.2d 33, 36 [257 P.2d 22].)

Pursuant to statute, the voters in a designated area, by petition presented to the board of supervisors, may propose the formation of a county water district (Wat. Code, §§ 30200-30204); after notice, a hearing on the petition is held before the board, which determines whether the statute has been complied with (Wat. Code, § 30263), fixes the boundaries of the proposed district in accordance with a stated rule (Wat. Code, § 30264), and calls an election for the purpose of determining whether the district shall be formed. (Wat. Code, § 30290). In the event the required vote is not obtained ''the formation fails but without prejudice to renewing proceedings at any time in the future.'' (Wat. Code, § 30297.) On the other hand, if the required vote is obtained the board of

supervisors makes an order declaring the district formed, and in due course a certificate of incorporation is issued by the Secretary of State, whereupon the district becomes incorporated. (Wat. Code, §§ 30320-30323.)

 In support of their claim that they are entitled to compensation for services rendered in forming the district, the plaintiffs rely upon the following provisions of the Water Code, i.e.,

''The district may issue warrants to pay its formation expenses bearing interest at 6 percent per year from date of issue until funds are available to pay the warrants'' (§ 31301) ; and

''A district may cause taxes to be levied to pay the expenses of its formation, including fees of attorneys and others employed to conduct the formation proceedings'' (§ 31652).

These two sections of the Water Code, at the most, authorize the district to assume the expenses of its formation but do not require it to do so; authorize the issuance of warrants and the levy of taxes to pay its formation expenses, but do not require either; impliedly permit the payment of these expenses but do not impose this obligation upon it.

The first amended complaint alleges that the plaintiffs ''were retained by the organizers and directors'' of the district to perform the ''legal steps required to form and organize said district,'' and that the services were rendered by them ''pursuant to such employment.'' Obviously, the directors of the district did not employ the plaintiffs because the directors, as such, did not then exist; were the subjects of a future election; and became such only upon receipt of a prescribed vote. (Wat. Code, §§ 30294, 30295.) Therefore, the plaintiffs are required to rely upon the allegation that the organizers employed them. As a consequence, the obligation under which they claim is the obligation of the organizers. There is no allegation that the district assumed this obligation; rather, the allegation that the plaintiffs' claim was rejected by the district's board of directors establishes the contrary. Under these circumstances, the complaint purportedly states a cause of action against the organizers of the district but not against the district.

 The general rule that ''the acts of promoters performed prior to the existence of the corporation are not binding upon the corporation, unless made so by the act under which the incorporation took place or adopted by the corporation after it comes into existence'' applies to county

water districts. (*Biggart* v. *Lewis*, 183 Cal. 660, 665-667 [192 P. 437].) Such districts, being public agencies created by statute, can exercise only those powers "which are conferred on them by the act under which they are incorporated, or such as are necessarily incidental to the exercise of their corporate rights, the performance of their corporate duties, and the accomplishment of the purposes for which they are created." (*Biggart* v. *Lewis, supra,* 183 Cal. 660, 666; *Leeman* v. *Perris Irrigation Dist.*, 140 Cal. 540, 543 [74 P. 24]; *Stimson* v. *Alessandro Irr. Dist.*, 135 Cal. 389, 392 [67 P. 496, 1034]; *Allen* v. *Hussey*, 101 Cal.App.2d 457, 472 [225 P.2d 674]; *Bottoms* v. *Madera Irr. Dist.*, 74 Cal.App. 681, 695 [242 P. 100].)

 No provision in the act under consideration requires the district to pay the expenses incurred in its formation; and nowhere in this act is any authority expressly conferred upon the district's board of directors to ratify any contract made by the organizers of the district to pay for services rendered to effect formation. The only statutory provisions which refer to the subject in any manner are those heretofore related and, at the most, these provisions carry only an implied authority to reimburse the organizers for the expenses incurred. If existent, such implied authority would not require reimbursement but merely constitutes a grant of permission to reimburse. In this regard it is noteworthy that the County Water District Act of 1913 (Stats. 1913, ch. 592, p. 1049) contained no provision respecting the payment of formation expenses; that an attempted payment of such expenses was held to be ultra vires (*Biggart* v. *Lewis, supra,* 183 Cal. 660); that the act thereafter was amended by adding a provision thereto which authorized the district to "cause taxes to be levied for the purpose of paying, *and to pay,* the expenses of organization of the district, including fees of attorneys and others employed to conduct the organization proceedings," and to issue warrants to pay for such expenses (emphasis added) (Stats. 1945, ch. 1051, pp. 2039, 2047); and that when this amendment was carried into sections 31301 and 31652 of the Water Code, which we heretofore have quoted, the emphasized phrase *"and to pay"* was omitted. It is unnecessary that we decide whether this omission is a factor in derogation of an implication that the present provisions permit the district to pay such expenses, as the respondent district is not attempting to make such a payment but, rather, is refusing to pay. However, the omission in

question accentuates the importance of a lack of any express statutory provision requiring the district to bear the expenses of its formation or to reimburse those who may have incurred such expenses.

The respondent additionally contends (1) that this court should take judicial notice of what it claims to be the facts, i.e, that a substantial part of the services for which recovery is sought through the first cause of action were furnished in connection with a formation proposal that was defeated, and that much of the service for which recovery is sought in both causes of action was rendered prior to the time a petition to form the district was filed with the board of supervisors; (2) that recovery should not be permitted for services rendered in connection with a proposal which was defeated; (3) that services rendered prior to the filing of a petition antedated those rendered in the formation of the district and are not included within the statute, citing *Ser-Vis* v. *Victor Valley Irr. Dist.*, 190 Cal. 732, 737 [214 P. 223], in support of its position; and (4) that any legal services necessary to the formation of the district after the petition was filed should have been performed by the county counsel. However, in view of our conclusion that the district is not required to pay the plaintiffs for services performed under an agreement with the organizers of the district, it is not necessary that we consider these further contentions.

█ It does not appear that the plaintiffs can amend their complaint so as to state a cause of action against the district and, therefore, the court did not abuse its discretion in refusing to grant them leave to amend. (*Wing* v. *Forest Lawn Cemetery Assn.*, 15 Cal.2d 472, 485 [101 P.2d 1099, 130 A.L.R. 120]; *Melikian* v. *Truck Ins. Exchange*, 133 Cal. App.2d 113, 116 [283 P.2d 269].)

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 9, 1961.