J. W. AULD, APPELLEE, v. EDSON L. WALKER ET AL., APPELLANTS.

FILED FEBRUARY 16, 1922.   No. 21902.

1. **Notes:** ACTION BY INDORSEE: GOOD FAITH: PROOF. In an action by an indorsee against the maker, upon a promissory note, when it is shown that it was obtained by fraud practiced upon the maker, the plaintiff, in order to recover, must allege and prove that he took the note in good faith in the ordinary course of business and paid value, without notice of any defense thereto or infirmity in the note.

2. **Appeal:** ISSUES. Where plaintiff and defendants have assumed that their pleadings presented a certain issue, and the trial and judgment proceed on such assumption, neither party can, for the first time on appeal, question the fact whether such issue was raised by the pleadings.

3. **Notes:** RENEWAL: DEFENSES. The taking of a new note for an existing note is a renewal of the old indebtedness, and not a payment of the debt, unless there is a specific agreement between the parties that the new note shall extinguish the original debt. As between the original parties and as against transferees who are not *bona fide* purchasers for value, a renewal note is open to all defenses which might have been made against the original note.

4. ———: GOOD FAITH: QUESTION FOR JURY. Whether plaintiff has sufficiently satisfied the burden resting upon him and made good his claim to be an innocent purchaser of a note is a question of fact for the jury, save in those instances where the testimony is not only consistent with the good faith of such purchase, but is such that no fair-minded person can draw any other inference therefrom:

5. **Trial:** MOTION FOR DIRECTION OF VERDICT. Where defendant, at the close of plaintiff's testimony, moved for a directed verdict and same is overruled, and defendant thereafter submitted testimony, said motion, to be available, must be renewed at the close of the testimony.

APPEAL from the district court from Franklin county: WILLIAM A. DILWORTH, JUDGE. *Reversed.*

*North & Donovan,* for appellants.

*Bernard McNeny* and *A. H. Byrum, contra.*

Heard before LETTON, DEAN and DAY, JJ., ALLEN and BEGLEY, District Judges.

BEGLEY, District Judge.

This is an action upon a promissory note executed by the defendants in the sum of $5,000. The defendants contend that there was no consideration for said note; that it was given as a renewal of a note obtained from the defendants by the Missouri Valley Cattle Loan Company by fraud and false representations; that said original note was purchased by plaintiff with knowledge of such fraud in its inception; that, when same became due, defendants, without knowledge of the falsity of said representations or discovery of the fraud, signed the renewal note. The plaintiff in reply entered a general denial, and further alleged that sometime prior to the 5th day of February, 1920, the plaintiff purchased in the regular course of business, and without notice, and before it was due, and in good faith, and for a valuable consideration, and without any notice of any infirmity in the note or defect in the title of the Missouri Valley Cattle Loan Company, a note given by the defendants to said Missouri Valley Cattle Loan Company for the sum of $5,000; that thereafter on the 6th day of February, 1920, the defendants paid said note by giving to plaintiff the note mentioned in plaintiff's petition, and the defendants are, therefore, estopped from denying their liability on the note sued upon. At the close of the testimony plaintiff moved

the court to direct a verdict in favor of the plaintiff for the amount sued upon, "for the reason that the un-disputed evidence shows that plaintiff was an innocent purchaser of the notes for which the note in suit was given in payment, and for the further reason that de-fendants are estopped by their conduct in making a defense to the note sued upon." The trial court sustained said motion, and verdict and judgment were entered for the full amount sued upon. Defendants have appealed.

Some reason for the court's ruling may be found in the following statement found in the record. "The Court: Now, gentlemen, I have this rule in mind, in regard to this class of cases. Where suit is brought upon a negotiable instrument, and it is shown by the holders of the instrument that they received it for a considera-tion, in due course of business, without any notice of any infirmities in the title or in the paper itself, before you can introduce any evidence showing that there was fraud in connection with the getting of the paper in the first place, you must show knowledge in the holder of the paper." This is not a correct statement of the law. The rule has often been announced in this court that where fraud in the inception of a note is pleaded as a defense, and supported by proof, in an action by an indorsee against the maker, the burden is on the plaintiff to show that he is a *bona fide* holder. *People's Trust & Savings Bank v. Rork,* 96 Neb. 415. The plaintiff should first have proved his ownership of the note set forth in the petition. The defendants should then prove that it was a renewal note, and that there was fraud in the inception of the original notes; then, in order to avoid this defense, plaintiff has the burden of estab-lishing his innocence. *Farmers State Bank v. Butler,* 101 Neb. 635.

The testimony of the defendants establishes that de-fendant Walker purchased $10,000 worth of stock in the Missouri Valley Cattle Loan Company and executed several notes in payment therefor, with defendant Van-

Auld v. Walker.

syckle as surety, two of such notes being thereafter purchased by plaintiff and the bank of which he is president; that Walker was induced to purchase said stock by the representations of the agent of the Missouri Valley Cattle Loan Company that said company was earning 30 per cent. dividends at that time; **that the** stock was worth 100 cents on the dollar; that it would loan to its stockholders 10 times as much money as the value of their stock; that the company had already earned and paid a dividend; that the cost of promotion was not to exceed 15 per cent.; that defendant Vansyckle and one Mousel, friends of Walker, were directors in the company. All these representations were false, and, as a matter of evidence, the Missouri Valley Cattle Loan Company appears to have been a fraudulent stock promotion scheme in its inception and at the time of the trial was in the hands of a receiver.

After the purchase of his stock and the execution of the notes, defendants continued to receive circular reports from the company giving them details of its flourishing condition, its wise and careful management, the technical division of its various departments, and other matters which lulled them into a sense of security as to the safety of the investment. When the notes came due and the two notes purchased by the plaintiff and his bank were presented for renewal, defendants had no knowledge of the falsity of the representations made by the stock sales agent. The plaintiff called upon defendants and requested a renewal of the notes and a mortgage securing same, agreeing that if a mortgage were given upon Walker's lands plaintiff would make it in such a large amount as to "cover him up" against the other holders of the notes. No mortgage was given, but defendants executed the note herein sued upon in renewal of the two notes held by plaintiff and the bank. Some time thereafter defendants discovered the fraud in the inception of the notes, and offered to surrender their stock and demanded their notes back from the

Missouri Valley Cattle Loan Company.

Plaintiff admits that the evidence establishes fraud in the inception of the notes, but contends that this defense cannot be raised against the note in suit, because (1) the defense of fraud was not properly pleaded; (2) the note in suit was given in payment of the former notes, and the defendants are, therefore, estopped to deny any liability thereon.

The answer is open to criticism. The misrepresentations and fraud are pleaded only as a conclusion of law, without disclosing facts from which that conclusion may be drawn, but the court and counsel seem to have treated the answer as stating the issue of fraud. No objection was made to the introduction of evidence of fraud as not being within the issues. The plaintiff first assumed the burden of disproving fraud, and he, in his motion for a directed verdict, and the court, in his statement set out above, treated it as one of the issues being tried. The question seems to be raised for the first time on appeal. It is the rule of this court that, where both plaintiff and defendants have assumed that their pleadings presented a certain issue and the trial and judgment proceed upon the assumption that that issue was before the court, neither of the parties can question for the first time on appeal the fact as to whether or not such issue was raised by the pleadings. *Bothell v. Miller,* 87 Neb. 835; *Boyd v. Lincoln & N. W. R. Co.,* 89 Neb. 840.

Plaintiff next contends that defendants are estopped from setting up any defense against the original notes, because the giving of the new note was pleaded as a payment, and not as a renewal of the prior notes. The evidence is all to the effect that the note was a renewal note, and not given in payment of the prior notes. Plaintiff so testified, and he wrote the word "renewed" across the face of the original notes before delivery to defendants. The note in suit was received in the usual way in the renewal of the former obligation,

before learning of the fraud. The taking of a new note for an existing note is a renewal of the old indebtedness, and not a payment of the debt, unless there is a specific agreement between the parties that the new note shall extinguish the original debt. 8 C. J. 443, sec. 656; *Davis v. Thomas,* 66 Neb. 26; *Exeter Nat. Bank v. Orchard,* 39 Neb. 485.

The next question is: Did the plaintiff sustain the burden of showing that he is a *bona fide* holder to such an extent as to be entitled to a directed verdict upon this ground? Since the trial court directed a verdict in favor of the plaintiff, it is necessary in reviewing that ruling to assume the existence of every material fact which the evidence in behalf of the defendants establishes or tends to prove and to give them the benefit of proper inference from such facts. The plaintiff was the only witness who testified regarding this phase of the case. He testified that he was president and in sole charge of the bank at Red Cloud, owning over 90 per cent. of the stock; that the note in suit was given in renewal of two other notes of $2,500 each, which were purchased by himself, one in his own name and one in the name of the bank; that he purchased said notes from one Cohn, stock salesman of the Missouri Valley Cattle Loan Company; that he knew at the time that Cohn was engaged in the stock selling business and selling stock in the Missouri Valley Cattle Loan Company; that he was not acquainted with him personally; that Cohn came into the bank, stating he had the notes for sale, that he purchased one for $2,450 cash and the other for $2,500 in Liberty bonds; that it took probably 15 minutes to complete the transaction; that he was not acquainted with the defendants at the time; that defendants lived at Riverton, in another county, and had never transacted business at his bank; that he did not know their signatures; that he had no other business with Cohn; that Cohn had written authority to indorse the notes, but that he did not know the

company officials' signatures, and knew nothing about the representations and statements testified to by the defendants; that before the purchase the revenue stamps were attached to the notes and were canceled by the plaintiff. The plaintiff made no effort to give in detail the facts or the conversation relating to the purchase of the notes from Cohn, and his recollection was not clear when challenged on cross-examination. After the notes became due, he admitted going to the defendants for renewal, and did not deny his statements as to "covering them up" against the other creditors in case he was protected on his note. We think from all the facts and circumstances submitted in evidence the case ought to have been submitted to the jury. Although lack of knowledge, suspicious circumstances, failure to make inquiry, and negligence will not in themselves establish bad faith in the plaintiff, such facts, where the burden is upon him to establish the innocent character of his purchase, and the only evidence offered was his own testimony, constitute evidence of bad faith sufficient to take the question to the jury. *Ostenberg v. Kavka,* 95 Neb. 314. This court in *Central Nat. Bank v. Ericson,* 92 Neb. 396, said:

"Reasons for this conclusion were recently stated by the supreme court of Iowa as follows: 'It is ordinarily to be expected in these cases, that the purchaser will testify to his good faith and want of notice, and that defendant is compelled to rely upon circumstantial evidence to rebut such showing. Whether plaintiff has sufficiently satisfied the burden resting upon him and made good his claim to be an innocent purchaser is therefore a question for the jury, save in those instances where the testimony is not only consistent with the good faith of such purchase, but is such that no fair-minded person can draw any other inference therefrom. A categorical denial of notice or knowledge is something which in many, if not in most, instances cannot be opposed by direct proof; and the credibility of the

witnesses, their interest in the case, the reasonableness or unreasonableness of their statements, the time, place, and manner of the transaction, its conformity to or its departure from the ordinary methods of business, and all the other facts and circumstances which, though of slight moment in themselves, yet, when taken together, give character and color to the purchase under inquiry, constitute a showing which the court cannot properly pass upon as a matter of law.' *Arnd v. Aylesworth,* 145 Ia. 185."

Plaintiff contends, however, that because defendants moved for a directed verdict at the close of the plaintiff's testimony said motion continued throughout the trial, and when the motion was made by the plaintiff at the close of the case it had the same effect as though both parties had moved for a directed verdict, and the only question to be determined here is whether the decision and judgment of the trial court are sustained by sufficient evidence. With this contention we cannot agree. Where the defendant moves for a directed verdict at the close of plaintiff's testimony and the motion is overruled, and the plaintiff and defendant continue the trial of the case, and the motion is not renewed by the defendant at the close of all the testimony, the parties are in the same position as though no motion had been made. *Wolf Co. v. Monarch Refrigerating* Co., 252 Ill. 491; *Madson v. Rutten,* 16 N. Dak. 281; *Bernheimer Bros. v. Becker,* 102 Md. 250; *Rogers v. Gladiator Gold Mining & Milling Co.,* 21 S. Dak. 412.

The trial court, therefore, erred in directing a verdict for the plaintiff, and the judgment is reversed and the cause remanded for further proceedings.

REVERSED.