NEBRASKA STATE BANK OF REPUBLICAN CITY, APPELLANT, v. EDSON L. WALKER ET AL., APPELLEES.

FILED NOVEMBER 26, 1923. No. 22560.

1. Bills and Notes: DEFENSE OF FRAUD: BURDEN OF PROOF. "Where fraud in the inception of a note is pleaded as a defense and supported by proof, in an action by an indorsee against the maker, the burden is on plaintiff to show he is a *bona fide* holder." *Central Nat. Bank v. Ericson*, 92 Neb. 396.

2. ———: RENEWAL: DEFENSES. "The taking of a new note for an existing note is a renewal of the old indebtedness, and not a payment of the debt, unless there is a specific agreement between the parties that the new note shall extinguish the original debt. As between the original parties and as against transferees who are not *bona fide* purchasers for value, a renewal note is open to all defenses which might have been made against the original note." *Auld v. Walker,* 107 Neb. 676.

3. ———: GOOD FAITH: QUESTION FOR JURY. "Whether plaintiff has sufficiently satisfied the burden resting upon him and made good his claim to be an innocent purchaser of a note is a question of fact for the jury, save in those instances where the testimony is not only consistent with the good faith of such purchase, but is such that no fair-minded person can draw any other inference therefrom." *Auld v. Walker,* 107 Neb. 676.

4. ———: ———: REBUTTAL. Direct proof that plaintiff is an innocent purchaser or a *bona fide* holder of a promissory note may be rebutted by circumstantial evidence.

5. Evidence: PHOTOGRAPHS: SECONDARY EVIDENCE. The statute authorizing public recording officers to make use of photographic processes does not prevent the courts from admitting photographs as secondary evidence. Comp. St. 1922, sec. 8915.

6. ———: ———: ———. A properly identified, accurate photograph of a document not available because in custody of another court may be admitted in evidence.

7. ———: ———: ———. Identification of a photograph by the photographer who took it is not always essential to its admissibility as secondary evidence.

8. ———: ———: ———. The correctness of a photographic representation may be shown by any witness who is competent to speak from personal observation and knowledge.

9. Bills and Notes: INNOCENT PURCHASER: EVIDENCE. A pledge of the capital stock of a bank *held* admissible as a link in a chain of circumstantial evidence on the issue that the bank was not an innocent purchaser or a *bona fide* holder of the notes in suit.

10. Evidence: SECONDARY EVIDENCE. Where original letters are not available as evidence, carbon copies may be admissible as secondary evidence.

11. ———: EXCHANGE OF LETTERS. The exchange by due course of mail of letters comprising a correspondence between the writers may be shown by circumstantial evidence.

APPEAL from the district court for Franklin county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*J. G. Thompson* and *Bernard McNeny*, for appellant.

*G. P. North* and *M. L. Donovan, contra.*

Heard before MORRISSEY, C. J., ROSE and DAY, JJ., SHEPHERD, District Judge.

ROSE, J.

This is an action on two promissory notes, each for $2,500, dated February 10, 1920, due six months hence and bearing interest at the rate of 8 per cent. per annum. The Nebraska State Bank of Republican City, plaintiff, was the payee and Edson L. Walker and H. E. Vansycle, defendants, were the makers.

The defenses interposed were want of consideration and fraud. Defendants pleaded: The notes in suit were executed in renewal of two former notes in which defendants were makers and the Missouri Valley Cattle Loan Company, a corporation, was payee. The original notes were given without consideration for worthless capital stock sold by the cattle loan company to defendants by means of fraudulent representations upon which the purchasers relied in ignorance of the facts. The fraud was not discovered by defendants until after they signed the renewal notes in which the Nebraska State Bank of Republican City, plaintiff, was substituted for the cattle loan company as payee. The false representations included the following statements: Vansyckle was a director of the cattle loan company and Robert Mousel was a stockholder, each to the extent of $50,000. Annual dividends of 30 per cent. of the preferred stock and 8 per cent. of the common stock were being paid. The assets of the corporation exceeded a million dollars. The capital stock was worth 100 cents on the dollar. These statements were false. In both the original and the renewal notes Vansyckle was surety for Walker. Plaintiff had knowledge of the fraud and participated therein, its banking business being controlled by R. V. McGrew, who also

controlled the cattle loan company. The renewals were devices to defeat redress and to exact payment of the notes. Upon discovering the fraud defendants tendered back the capital stock purchased and demanded a return of the renewal notes. This is a mere outline of the defenses pleaded.

In a reply plaintiff alleged it was an innocent purchaser of the original notes and that defendants paid them by giving the notes in suit.

A trial of the issues resulted in a verdict in favor of defendants. From a judgment thereon plaintiff appealed.

The evidence is sufficient to support a finding that the original notes were procured by the cattle loan company through fraud. The vital issue at the trial was raised by the plea that plaintiff was an innocent purchaser. The rules of law applicable to a determination of this question are pretty well settled:

"Where fraud in the inception of a note is pleaded as a defense and supported by proof, in an action by an indorsee against the maker, the burden is on plaintiff to show he is a *bona fide* holder." *Central Nat. Bank v. Ericson,* 92 Neb. 396. *Union Nat. Bank v. Moomaw,* 106 Neb. 388.

"The taking of a new note for an existing note is a renewal of the old indebtedness, and not a payment of the debt, unless there is a specific agreement between the parties that the new note shall extinguish the original debt. As between the original parties and as against transferees who are not *bona fide* purchasers for value, a renewal note is open to all defenses which might have been made against the original note." *Auld v. Walker,* 107 Neb. 676. *Shawnee State Bank v. Lydick,* 109 Neb. 76; *Shawnee State Bank v. Vansyckle,* 109 Neb. 86; *Berwyn State Bank v. Swanson, ante,* p. 141.

"Whether plaintiff has sufficiently satisfied the burden resting upon him and made good his claim to be an innocent purchaser of a note is a question of fact for the jury, save in those instances where the testimony is not only consistent with the good faith of such purchase, but is such that no fair-minded person can draw any other inference

Nebraska State Bank v. Walker.

therefrom." *Auld v. Walker,* 107 Neb. 676. *Shawnee State Bank v. Lydick,* 109 Neb. 76; *Shawnee State Bank v. Vansyckle,* 109 Neb. 86.

Direct proof that plaintiff is an innocent purchaser or *bona fide* holder of a promissory note may be rebutted by circumstantial evidence. *Central Nat. Bank v. Ericson,* 92 Neb. 396; *Union Nat. Bank v. Moomaw,* 106 Neb. 388; *Arnd v. Aylesworth,* 145 Ia. 185, 29 L. R. A. n. s. 638.

It is insisted there is no competent evidence to overthrow direct testimony that plaintiff was an innocent purchaser of the original notes. Is this position tenable? The theory of defendants seems to have been that R. V. McGrew, vice-president of the cattle loan company, not only managed it but owned and controlled the Nebraska State Bank of Republican City, plaintiff. On this issue defendants offered, and the trial court admitted over the objections of plaintiff, a photograph of a financial statement tending to show, in connection with other proofs, that McGrew had pledged for his own benefit to the cattle loan company 150 shares of plaintiff's capital stock. The ruling is assigned as error. The objections of plaintiff are failure of defendants to comply with the statute authorizing public recording officers to make use of photographic processes and failure of the photographer himself to identify the photograph. Neither objection is well founded. The statute, according to its own terms, does not prevent the use of photographs as secondary evidence. Comp. St. 1922, sec. 8915. A properly identified, accurate photograph of a document not available because in the custody of another court may be admitted in evidence. *Stitzel v. Miller,* 250 Ill. 72. The corporate officer who made the financial statement explained fully in testifying that the original was in the federal court and not available at the trial in the district court, that he procured the photograph and that it was a correct representation of the original. Identification by the photographer himself is not always necessary. The correctness of the photographic representation may be shown by any witness who is competent to speak from personal observation and knowl-

edge. Cases cited in note in 51 L. R. A. n. s. 846; *Thompson
v. De Long,* 267 Pa. St. 212, 9 A. L. R. 1326. This rule has
often been applied to photographs of documents. *Fuller v.
Robinson,* 230 Mo. 22; *In re McClellan's Estate,* 20 S. Dak.
498; *Parker v. Smith Lumber Co.,* 70 Or. 41. The photo-
graph was properly admitted.

One of the assignments of error challenges a ruling ad-
mitting in evidence a formal written contract between Mc-
Grew and the Naponee Mortgage Loan Company. There
does not seem to be any error in this ruling. It was shown
that McGrew signed the contract for the Naponee Mortgage
Loan Company and that he also signed it for himself. The
contract recites that he was indebted to the cattle loan
company of which he was an officer. He pledged to it many
securities or articles of personal property. Among the
items were 150 shares of capital stock of the Nebraska State
Bank of Republican City, plaintiff. This contract tended
to show that McGrew was financially interested in both the
cattle loan company and the bank, contrary to plaintiff's
evidence on that issue. Other evidence shows that the of-
ficers of plaintiff respected the orders of McGrew in regard
to the business of the bank. The pledge was at least a cir-
cumstance in a chain of incidents tending to throw light on
the nature of plaintiff's purchase of the original notes and
was properly admitted. Except for circumstantial evidence
of this kind, fraud perpetrated by the secret manipulation
of corporate stock might escape judicial scrutiny and pre-
vent redress demanded by law and justice.

It is further argued that the trial court erred in over-
ruling objections to letters passing between McGrew and
officers of the Nebraska State Bank of Republican City,
plaintiff. The correspondence relates principally to busi-
ness of the bank and the cattle loan company. It is insisted
that carbon copies were received without any proper foun-
dation and that there was a failure to show the originals
were mailed to or received by the addressees. When all the
proofs applicable to the carbon copies are considered, it is
sufficiently shown that the originals were not obtainable

upon demands duly made therefor and that there was no error in admitting the copies as secondary evidence.

While there is no direct testimony that original letters, correctly addressed, were committed to the mails with postage prepaid or that the addressee in each instance received the letter, this is not the only method of proving those facts. The receipt of a letter may be shown by circumstances. The delivery of one of the letters comprising the correspondence was conceded by plaintiff. Some of the letters are plainly replies to those received. Many others imply the receipt of those to which they are answers. The letters or carbon copies came out of the files of the cattle loan company where the correspondence was kept. A witness familiar with the facts so testified. Disregarding for the purposes of review the irregular order in which the proofs were offered, some incidents preceding and others following the admission of a letter or a carbon copy, it may fairly be inferred from the evidence as a whole that the authors of this correspondence exchanged the letters comprising it in due course of mail.

There does not seem to be a sufficient reason for a reversal of the judgment. The issues of fact were questions for the jury, and their finding that plaintiff was not an innocent purchaser of the original notes or a *bona fide* holder of the renewal notes is final, there being in the record sufficient evidence to sustain the verdict and no error prejudicial to plaintiff.

AFFIRMED.