Taylor v. Swanson.

---

C. A. TAYLOR, APPELLANT, V. JOSEPH S. SWANSON ET AL., APPELLEES.

FILED JULY 7, 1924. No. 22842.

1. Bills and Notes: DEFENSE OF FRAUD: BURDEN OF PROOF. "Where fraud in the inception of a note is pleaded as a defense and supported by proof, in any action by an indorsee against the maker, the burden is on the plaintiff to show he is a *bona fide* holder." *Central Nat. Bank v. Ericson*, 92 Neb. 396.

2. **Evidence** examined, and held to support the judgment of the trial court.

APPEAL from the district court for Custer county: BRU-NO O. HOSTETTLER, JUDGE. *Affirmed.*

*Kelly & Schnell* and *N. T. Gadd,* for appellant.

*Sullivan, Squires & Johnson, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY and THOMPSON, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

This is an action to recover upon two certain promissory notes for the principal sums, respectively, of $3,750 and $250, dated September 30, 1920, signed by the defendants. Swanson and payable to the Bank of New Hampton. The defense pleaded is fraud in the inception of the notes, and in the procurement of the original of which the two notes in suit were given in renewal, and a denial that plaintiff is a holder in due course.

A jury was waived in the district court, and upon trial the findings and judgment were for the defendants, from which judgment the plaintiff prosecutes this appeal.

The notes in suit are the result of certain transactions which began in September, 1919, wherein C. E. Tennant and D. E. Morefield, acting together and claiming to be agents of the Douglas Motors Corporation, purported to sell to the defendants certain of the capital stock of said corporation, for which, but without delivery of the stock, they secured two notes of the defendants, each in the sum of $3,750 and payable to the Douglas Motors Corporation. It seems that Tennant and Morefield each took one of said notes, but we are here concerned with the one only which was indorsed "Without recourse, Douglas Motors Corporation, by D. E. Morefield, Agt."

There is no substantial dispute in the record that these original notes were fraudulently obtained. The Douglas Motors Corporation never received the notes nor had any-

thing to do with them, and did not know of the transaction until about January, 1921, when the controversy arose respecting the payment of the renewal notes which are involved in this suit.

Morefield does not seem to have had any connection with the handling of this original note after his indorsement thereof. Tennant resided at New Hampton, Missouri, and was a brother-in-law of L. V. Taylor. They were both patrons of the Bank of New Hampton, and L. V. Taylor at one time was a stockholder therein. C. A. Taylor, the plaintiff, is a brother of L. V. Taylor and they were connected in business in various ways. Immediately following the maturity of the original note here mentioned, the defendants received a notice from the Bank of New Hampton to the effect that the note was due at that bank, and in September, 1920, L. V. Taylor appeared at their residence in Westerville, Nebraska, having in his possession the original note, and represented to the defendants that he was acting for the Bank of New Hampton, the owner of the note, and desired to get payment thereof. The negotiations resulted in the giving of the two notes in suit which were made September 30, 1920, payable to the Bank of New Hampton.

In his testimony the cashier of that bank states that the bank had possession of the note of $3,750 together with some other notes. He said: "I do not know when they brought them here. * * * I know we had them and I understood we were holding them as collateral for indebtedness of Taylor and Tennant." With reference to the notes in suit he states: "I can't remember the transaction. * * * This is my handwriting, indorsing to L. V. Taylor, without recourse, Robert E. Maple, Ass't Cashier." "Q. Was your bank ever the owner of those two notes? A. Not to my knowledge. Q. Can you tell how this indorsement came to be made? A. Well, my memory is that Taylor presented the notes to me. My best recollection is that L. V. Taylor brought the two notes to the bank signed by the Swansons, one for $3,750, and the other for $250.

They had been drawn on their face to the Bank of New Hampton, but the Bank of New Hampton did not own them and did not claim to own them, but they belonged to L. V. Taylor, and, as I recollect it, I then indorsed these notes over to L. V. Taylor by placing on the back thereof the words 'Indorsed to L. V. Taylor, without recourse, R. E. Maple, Ass't Cashier.' Q. Did L. V. Taylor have any authority from the Bank of New Hampton to take these renewal notes to the Bank of New Hampton? A. Not that I know of. Q. The Bank of New Hampton at no time claimed to own these notes? A. No. Q. Neither the original nor the renewals? A. No. Q. They were at the time of the renewal the property of Taylor? A. Yes. Q. Were these notes, originals or renewals, ever carried on the books of the bank? A. Not credited on the books of the bank."

The testimony of L. V. Taylor does not explain how he, or he and Tennant, became possessed of the original note. The testimony of neither of the Taylors satisfactorily explains how C. A. Taylor, plaintiff, can claim as a holder in due course. It shows, in fact, that the consideration which he claims he gave was not parted with until after he had notice of the defenses by the defendants to the notes. In such case he was not a holder in due course. *Minatare Bank v. Wilson, ante,* p. 216. It was testified by the president of the Douglas Motors Corporation that it had no knowledge of the transaction until in January, 1921, that Tennant was never an agent of the corporation for any purpose, Morefield was an agent with limited authority, and neither of them had any authority to indorse or transfer negotiable paper made to the corporation. The plaintiff claims as a transferee from L. V. Taylor, but his testimony does not support the *bona fides* of his claim. L. V. Taylor went to the defendants upon the basis that he was representing the Bank of New Hampton, a holder in due course, and the defendants, so far as disclosed by the record, knew no different until at a later period, and have been sufficiently prompt in asserting their defenses.

An unauthorized indorsement for the Douglas Motors

Corporation would not convey title. *Hamilton Nat. Bank v. Nye,* 37 Ind. App. 464, 117 Am. St. Rep. 333. Fraud having been shown in the inception of the note, the burden was upon the plaintiff to establish his status as a holder in due course. Comp. St. 1922, sec. 4670; *Central Nat. Bank v. Ericson,* 92 Neb. 396. The taking of a renewal note is not payment of the debt in the absence of a specific agreement between the parties to that effect, and without which the renewal note is open to all defenses which might have been made to the original note. *Auld v. Walker,* 107 Neb. 676; *Nebraska State Bank v. Walker,* 111 Neb. 203.

A careful consideration of the record is convincing that the district court reached the right conclusion in this case, and its judgment is

AFFIRMED.

Note—See Bills and Notes, 8 C. J. p. 984, sec. 1292; p. 1046, sec. 1358.