LUCIUS B. PHELPS, APPELLEE, V. SNOW E. WILLIAMS ET AL., APPELLANTS.

FILED NOVEMBER 20, 1924.   No. 22908.

1. **Bills and Notes: INNOCENT HOLDERS.**   Where the payee of a negotiable promissory note, before maturity, in the usual course of business indorses and delivers it to a third person as collateral security for an usurious loan, the mere fact that such third party contracted for usurious interest will not deprive him of the character of an innocent holder.

2. ———: ———: QUESTION FOR JURY.   In an action on a negotiable promissory note by an indorsee, the question as to whether plaintiff is an innocent holder in due course, where the evidence is in conflict, is one of fact for the.jury.

3. **Appeal: ISSUES.**   Where both parties to an action have assumed that their pleadings present a certain issue, and the case is tried and judgment entered upon such assumption, neither party can, for the first time on appeal, question the fact as to whether such issue was raised by the pleadings.

4. **Harmless Error.**   The giving of an erroneous instruction is not ground for reversing a judgment unless prejudicial to the rights of the complaining party.

APPEAL from the district court for Franklin county: WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*George J. Marshall,* for appellants.

*George Losey, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD, and THOMPSON, JJ.

GOOD, J.

October 10, 1920, Snow E. Williams and P. A. Williams executed and delivered to Harry Newman their promissory note for $10,000, due one year after date. December 4 following, Harry Newman indorsed and pledged this promissory note to Lucius B. Phelps as collateral security for a loan of $19,250, evidenced by the note of said Newman. Phelps, indorsee, brought this action against Snow and P. A. Williams to recover upon the promissory note given by them. Plaintiff alleged that he purchased the note for value and before maturity. The defendants admitted the execution of the note, and alleged want of consideration; that the note was obtained by false and fraudulent representations of Newman, the payee; denied that plaintiff purchased the note for value; denied the indorsement by Newman; and alleged that plaintiff had notice, prior to its delivery to him, that there was no consideration given for the note, and further alleged that plaintiff had received and holds money and property from Newman, the payee and indorser, to an amount largely in excess of the amount of the note which was received by plaintiff in payment and satisfaction of Newman's indebtedness to plaintiff, and that thereby the note has been fully paid and discharged. Plaintiff had a verdict and judgment thereon, and defendants appeal.

Defendants contend that the undisputed evidence shows that there was no consideration for the note; that it was was obtained by fraud; that plaintiff is not a holder in due course; and that the court erred in not sustaining their motion for a directed verdict. As to whether plaintiff had actual notice of any defense to the note at the time he took

it as collateral security, the evidence is in conflict and presents a question of fact for the determination of the jury. The evidence does disclose that the loan by plaintiff to Newman, for which the note in suit is pledged as security, was an usurious loan, and defendants assert that this fact deprives the plaintiff of the character of an innocent holder. Several cases are cited as sustaining this view, but an examination of the authorities cited discloses that they were based upon statutes which made usurious loans absolutely void. Under such a statute, plaintiff could not collect anything from Newman upon the loan, and of course could not maintain an action upon collateral security when nothing was due upon the principal obligation. However, such is not the law in Nebraska. The effect of usury in this state is only to deprive the usurer of any interest. The evidence in the instant case shows that Newman received $17,500 in money, so that plaintiff, in a suit against Newman, would have been entitled to recover that amount. Furthermore, in this state, usury as a defense " is personal to the borrower and his sureties and privies." *Cheney v. Dunlap,* 27 Neb. 401. While the defendants are not pleading usury as a defense, they are seeking to take advantage of the fact that there was usury in the contract between plaintiff and Newman.

This court has held in *Palmer v. Carpenter,* 53 Neb. 394:

" Where one executes his negotiable note payable to the order of a debtor and delivers it to him as an accommodation, and the debtor indorses and delivers the note to his creditor in payment of a usurious note due the creditor from the debtor, such accommodation note is not a renewal of the usurious note, and, in a suit on the accommodation note against the maker, he cannot interpose, as a defense thereto, the usurious contract existing between the creditor and debtor."

That the transaction between plaintiff and Newman was usurious does not, as a matter of law, establish the want of collateral security. Whether plaintiff was a holder for good faith in plaintiff in taking the note in controversy as

value in due course, without notice of infirmities, was submitted to the jury and their finding upon that point is conclusive.

Defendants urge that plaintiff did not plead that he was an innocent holder for value, but the record discloses that evidence of both parties was received upon that question, and the case was tried as though it were an issue. Where both parties to an action have assumed that their pleadings present a certain issue, and the case is tried and judgment entered upon such assumption, neither party can, for the first time on appeal, question the fact whether such issue was raised by the pleadings. *Auld v. Walker,* 107 Neb. 676.

Defendants urge that the evidence shows that Newman's note to plaintiff had been paid by the transfer to him by Newman of money and property to an amount greater than that due upon Newman's obligation. The evidence shows that Newman, after giving his note, transferred to a brother of plaintiff, as further security for his note, certain real estate and assigned a lease, but this was transferred as collateral security to the loan, and not in payment of it. The amount collected on the lease and as income from the real estate did not equal the expense incident to the care of the real estate. The transfer, under such circumstances, of course did not operate to extinguish the debt from Newman to plaintiff, nor operate to discharge the defendants' note held as collateral.

Complaint is made of the giving and refusal of certain instructions. We have carefully examined the instructions complained of and find that they were far more favorable to defendants than they were entitled to, and, while they may have been erroneous in some respects, the error was favorable to the defendants, rather than to plaintiff. That an instruction is erroneous is no ground for reversal unless prejudicial to the rights of the complaining party. The instructions requested by defendants and refused would have practically taken the case from the jury and were properly refused.

We find no error in the record prejudicial to the defend-
ants.   The judgment of the district court is

AFFIRMED.

Note—See Bills and Notes, 8 C. J. secs. 701 (1926 Ann.),
1376; Appeal and Error, 3 C. J. sec. 623; 4 C. J. sec. 3013.

---

The following opinion on motion for rehearing was filed
February 17, 1925.   *Former judgment of affirmance va-
cated, and judgment of district court reversed.*

Bills and Notes: INNOCENT PURCHASER.   Where, in an action on a
  promissory note, the law imposes on the plaintiff the burden of
  proving that he acquired title to the note without notice of de-
  fense, and the transaction by which he acquired title was con-
  ducted by his agent, it is necessary to prove that such agent was,
  at the time, without notice of defense.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD,
THOMPSON, and EVANS, JJ.

GOOD, J.

An opinion was heretofore adopted in this case, *ante,*
p. 667, where a general statement of facts may be found.
On motion for rehearing the case has been reargued and
resubmitted.   We are satisfied with the holding in our for-
mer opinion, save in the respects hereinafter pointed out.

The action is one on a promissory note brought by the
indorsee against the makers.   Plaintiff took the note in
question from the payee as collateral security for an
usurious loan to him.   There is evidence tending to show
that the note was procured from the makers by the payee
without consideration and through fraud.   Therefore, in
order to recover, it is incumbent upon plaintiff to prove
that he became the holder of the note in due course, for
value, and without notice of infirmity.   In our former opin-
ion we held, in effect, that the evidence upon this point was
in conflict, and that the matter was properly submitted to

the jury and its verdict was conclusive. One phase of the case was overlooked.

The evidence as to whether plaintiff personally had any knowledge of the defense to the note was in conflict, but the evidence discloses that in the negotiations for the loan from plaintiff to the payee, Newman, for which the note in question was taken as collateral, C. J. Phelps, a brother of plaintiff, and acting as his agent and attorney, conducted the entire transaction. It is evident that if the agent who conducted the transaction resulting in acquiring title to the note had knowledge of the defense, such knowledge would be attributable to his principal. Under the circumstances, it was not only incumbent on plaintiff to prove that he had no personal knowledge of the defense to the note, but it was likewise incumbent upon him to prove that his brother who acted as his agent in acquiring title to the note was also without notice of any defense to the note. On this question the record is practically silent.

It follows that plaintiff has not carried the burden that the law imposes upon him, and for this reason the judgment of the district court must be reversed.

Our former opinion, in so far as it affirms the judgment of the district court, is vacated, and the judgment reversed and cause remanded for further proceedings.

REVERSED.