Phelps v. Williams.

---

LUCIUS B. PHELPS, APPELLEE, V. SNOW E. WILLIAMS ET AL., APPELLANTS.

FILED DECEMBER 29, 1926.    No. 25342.

1. **Former Case Approved.** The principles of law announced in *Phelps v. Williams*, 112 Neb. 667, adhered to.

2. **Pledges.** Where a party holds two or more different collateral securities for a debt, he may proceed against any one or all of them at his election, and, in the absence of contract, is not required to exhaust one before proceeding against the other.

3. **Instructions** examined, and *held* to have properly submitted the issues to the jury.

4. **Evidence** examined, and *held* sufficient to sustain the verdict and judgment.

APPEAL from the district court for Franklin county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*George J. Marshall* and *Bernard McNeny*, for appellants.

*George Losey, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

Plaintiff, Lucius B. Phelps, indorsee, brought this action against Snow E. Williams and P. A. Williams, defendants, upon a promissory note executed by defendants. The trial resulted in a verdict and judgment for the plaintiff for the full amount of the note with interest. Defendants have appealed.

This case was before us on a former occasion, being reported in 112 Neb. 667, wherein a judgment in favor of the plaintiff was affirmed. On a rehearing and reargument in that case, we vacated our judgment of affirmance, for reasons therein stated, reversed the judgment of the district court and remanded the case to the district court for further proceedings. 112 Neb. 671. In our two former opinions, the law of the case is fully discussed, and we are satisfied with the principles therein announced.

It appears that on October 10, 1920, the defendants executed their negotiable promissory note for $10,000 due in one year, in which Harry Newman was named as payee. On December 4, 1920, Newman indorsed this note and pledged it to the plaintiff as collateral security for a loan of $19,250 which Newman had borrowed from plaintiff and which was evidenced by Newman's note to the plaintiff for the amount of the loan. Newman failed to pay his note to the plaintiff when due and plaintiff brought this action against defendants on their note.

Defendants admitted the execution of the note, and by way of defense alleged want of consideration; that the note was procured by false and fraudulent representations on the part of the payee; denied that the plaintiff purchased the note for value; denied the indorsement by Newman; alleged that payment had been made on Newman's note to the plaintiff in the sum sufficient to discharge the same; that Newman's note to plaintiff was tainted with usury; that plaintiff was not a *bona fide* purchaser for value, and had notice of the fraud in the inception of the note. The same issues are before us as were presented upon the former trial. In that case, the following principles were announced:

"Where the payee of a negotiable promissory note, before maturity, in the usual course of business indorses and delivers it to a third person as collateral security for an usurious loan, the mere fact that such third party contracted for usurious interest will not deprive him of the character of an innocent holder.

"In an action on a negotiable promissory note by an indorsee, the question as to whether plaintiff is an innocent holder in due course, where the evidence is in conflict, is one of fact for the jury." *Phelps v. Williams,* 112 Neb. 667.

On the rehearing, we announced: "Where, in an action on a promissory note, the law imposes on the plaintiff the burden of proving that he acquired the title to the note without notice of defense, and the transaction by which he acquired title was conducted by his agent, it is necessary to prove that such agent was, at the time, without notice of defense." *Phelps v. Williams,* 112 Neb. 671.

In *Stephenson v. Perry,* 112 Neb. 294, in discussing the question of fraud in the inception of a note, the court used this language: "Upon the trial the defendant introduced testimony tending to prove that there was fraud in the inception of the note. It was incumbent upon the plaintiff, therefore, in making out his case to show that he was a *bona fide* holder. The rule is well settled that where fraud in the inception of a note is pleaded as a defense, and proof has been offered sufficient to make out a *prima facie* case, in an action by an indorsee against the maker, the burden is on the plaintiff to show that he is a *bona fide* holder." See *Central Nat. Bank v. Ericson,* 92 Neb. 396; *Ostenberg v. Kavka,* 95 Neb. 314; *Auld v. Walker,* 107 Neb. 676.

The testimony in behalf of the plaintiff, as well as his agent who conducted the negotiations of the loan from plaintiff to Newman and the taking of defendants' note as collateral to the Newman loan, was to the effect that neither of them knew of any infirmities against defendants' note or the consideration for which it was given; that it was taken in due course of business for the Newman loan.

Defendants again urge, as they did upon the former trial, that the evidence shows that Newman's note to the plaintiff had been paid out of other collateral given by Newman for his indebtedness to plaintiff. The evidence shows that Newman, after giving his note to plaintiff, transferred to plaintiff's brother certain real estate and assigned a lease. The securities were transferred as collateral to the

note and not in payment of it. In transferring these collateral securities, it was agreed that, after paying the charges of maintenance, taxes, and care of property, upon the sale of the property the remainder should be credited to the Newman note. The evidence shows that the amount collected on the lease and property did not equal the expense incident to the care of the estate and, at the time of trial, nothing had been realized by plaintiff on the securities. Criticism is made that the cost incident to the care of the property was unreasonable and exorbitant. That question could not be determined in this case as the parties interested in that question are not parties to this action. The rule is well established that, where a party holds two or more different collateral securities for a debt, he may proceed against any one or all of them at his election and, in the absence of contract, is not required to exhaust one before proceeding against the other.

The questions presented by defendants' answer were submitted to the jury under proper instructions and the jury found adversely to defendants' contention. Complaint is made of the failure of the court to direct a verdict in favor of defendants. Under the evidence, the court would not have been warranted in so doing. The case was fairly submitted to the jury and no reason has been pointed out why we should disturb their verdict.

No error appearing in the record, the judgment of the district court is

AFFIRMED.

DEAN, J., dissents.